1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE PATRICK HANEY,<br><br>                    Plaintiff,<br><br>         v.<br><br>Dr. HTAY, et al.,<br><br>                    Defendants. | **Case No.  1:16-cv-00310-AWI-SKO (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(Doc. 1)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

<u>**INTRODUCTION**</u>

**A.      Background**

Plaintiff, Bruce Patrick Haney, is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**B.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C.

§ 1915(e)(2)(B)(i)-(iii).  If an action is dismissed on one of these three basis, a strike is imposed per 28 U.S.C. § 1915(g).  An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States."  *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

**C.      Summary of the Complaint**

Plaintiff complains of acts that occurred while he was housed at Wasco State Prison ("WSP").  Plaintiff seeks monetary damages from Defendants Dr. S. Htay, Dr. A. Klang, Dr. A. Youssef, and Appeals Coordinator F. Feliciano.

Plaintiff alleges that on May 15, 2015, he was transferred to WSP from the Los Angeles County Jail.  On May 26, 2015, Plaintiff was medically examined, x-rays were taken, and Plaintiff was placed on "the Americans with Disabilities (ADA) list, due to lower spinal issues." (Doc. 1, p. 4.)  On June 1, 2015, Plaintiff was seen by Dr. Htay who, without examining Plaintiff, told him his pain medications would not be renewed, but he could have Tylenol or Naproxen. (*Id.*)  Plaintiff informed Dr. Htay that he had been previously diagnosed with spurring and arthritis in his lower spine.  (*Id.*, pp. 4-5.)  Dr. Htay indicated that Plaintiff had neither spurring, nor arthritis, and that Dr. Htay had been directed to, and was removing Plaintiff from the ADA list.  (*Id.*, p. 5.)

//

2

Plaintiff was again seen by Dr. Htay on September 2, 2015, when Dr. Htay advised Plaintiff he was being taken off the ADA list.  (*Id.*, p. 5.)  Plaintiff requested an x-ray of his back which Dr. Htay ordered.  (*Id.*)  On September 16, 2015, Dr. Htay removed Plaintiff from the ADA without Plaintiff's knowledge.  (*Id.*)  X-rays were taken of Plaintiff's back on September 18, 2015, which revealed arthritic changes in the lower spine.  (*Id.*)  Plaintiff alleges that after his transfer to Calipatria State Prison ("CAL"), additional x-rays revealed further damage to his lower spine, which was causing him pain.  (*Id.*)  Plaintiff filed an inmate appeal regarding this issue, which he alleges Dr. Klang and Dr. Youssef reviewed and denied at the first and second levels without examining him or reviewing his medical file.  (*Id.*, pp. 5 & 6.)

Plaintiff alleges that Dr. Htay, Dr. Klang, and Dr. Youssef claim that Plaintiff has no medical problems.  Plaintiff filed an inmate appeal on this issue, which Dr. Klang and Dr. Youssef reviewed and denied without examining Plaintiff or reviewing his medical file.  (*Id.*, p. 6.)  Plaintiff filed an inmate appeal on this issue, which Dr. Klang and Dr. Youssef reviewed and denied without examining Plaintiff or reviewing his medical file.  (*Id.*)  Plaintiff alleges that, because he was taken off the ADA list, prison officials were allowed to transfer him to Calipatria CAL, which required an eight hour bus ride that further damaged his spine.  (*Id.*, pp. 6-7.)  Before his transfer, Plaintiff filed an emergency inmate appeal attempting to avoid transfer to CAL and to redirect his transfer to Lancaster State Prison, which was only two hours away and where a number of his family members would be able to visit him.  (*Id.*, pp. 7-8.)  AC Feliciano failed to properly file and process his appeal which would have stopped his transfer to CAL.  (*Id.*)

As set forth below, Plaintiff fails to state any cognizable claims, but may be able to cure the deficiencies in his pleadings.  Thus, he is given the applicable standards and leave to file a first amended complaint.

**D.     Pleading Requirements**

**1.     Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  A complaint must contain "a short and plain

1   statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a).

2   "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and

3   the grounds upon which it rests."  *Swierkiewicz*, 534 U.S. at 512.

4   　Violations of Rule 8, at both ends of the spectrum, warrant dismissal.  A violation occurs

5   when a pleading says too little -- the baseline threshold of factual and legal allegations required

6   was the central issue in the *Iqbal* line of cases.  *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678,

7   129 S.Ct. 1937 (2009).  The Rule is also violated, though, when a pleading says *too much*.

8   *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e

9   have never held -- and we know of no authority supporting the proposition -- that a pleading may

10  be of unlimited length and opacity.  Our cases instruct otherwise.") (citing cases); *see also*

11  *McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir.1996) (affirming a dismissal under Rule 8,

12  and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case

13  impose unfair burdens on litigants and judges").

14  　Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a

15  cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556

16  U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

17  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

18  plausible on its face.'"  *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  Factual

19  allegations are accepted as true, but legal conclusions are not.  *Iqbal*, at 678; *see also Moss v. U.S.*

20  *Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

21  　While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*,

22  580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally

23  and are afforded the benefit of any doubt.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

24  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze*

25  *v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may

26  not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit*

27  *Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266,

28  268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-*

4

*Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

Further, "repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time."  *Knapp v. Hogan*, 738 F.3d 1106, 1108-09 (9th Cir. 2013).

### 2.  Exhibits

Plaintiff attached a number of exhibits to his Complaint which he generally references throughout his allegations.  Originals, or copies of evidence (i.e., prison or medical records, witness affidavits, inmate appeals, etc.) need not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court).  The submission of evidence at this juncture is premature as Plaintiff is only required to state a prima facie claim for relief via his factual allegations.  Thus, in amending his Complaint, Plaintiff would do well to simply state the facts upon which he alleges a defendant has violated his constitutional rights and refrain from submitting exhibits.

If Plaintiff feels compelled to submit exhibits with an amended complaint, he is reminded that exhibits must be attached to the amended pleading and must be incorporated by reference. Fed. R. Civ. Pro. 10(c).  For example, Plaintiff must state "see Exhibit A" or something similar to direct the Court to the specific exhibit referenced in Plaintiff's allegations, and state what the exhibit is intended to demonstrate.  If the exhibit consists of more than one page, Plaintiff must also reference the specific page of the exhibit (i.e. "See Exhibit A, page 3").

/ / /

/ / /

/ / /

/ /

5

1

## DISCUSSION

2     **A.     Plaintiff's Claims**

3           **1.     Deliberate Indifference to Serious Medical Needs**

4           Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a

5     prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need

6     is serious if failure to treat it will result in ' "significant injury or the unnecessary and wanton

7     infliction of pain." ' " *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (2014) (quoting *Jett v. Penner*,

8     439 F.3d 1091, 1096 (9th Cir.2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th

9     Cir.1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th

10    Cir.1997) (en banc))

11          To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must

12    first "show a serious medical need by demonstrating that failure to treat a prisoner's condition

13    could result in further significant injury or the unnecessary and wanton infliction of pain. Second,

14    the plaintiff must show the defendants' response to the need was deliberately indifferent."

15    *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091,

16    1096 (9th Cir. 2006) (quotation marks omitted)).

17          "Indications that a plaintiff has a serious medical need include the existence of an injury

18    that a reasonable doctor or patient would find important and worthy of comment or treatment; the

19    presence of a medical condition that significantly affects an individual's daily activities; or the

20    existence of chronic or substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir.

21    2014) (citation and internal quotation marks omitted); *accord Wilhelm v. Rotman*, 680 F.3d 1113,

22    1122 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). For screening

23    purposes, the spurring and arthritic changes in Plaintiff's lower spine are accepted as serious

24    medical needs.

25          Deliberate indifference is "a state of mind more blameworthy than negligence" and

26    "requires 'more than ordinary lack of due care for the prisoner's interests or safety.' " *Farmer v.*

27    *Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley*, 475 U.S. at 319). Deliberate indifference is

28    shown where a prison official "knows that inmates face a substantial risk of serious harm and

1   disregards that risk by failing to take reasonable measures to abate it." *Id.*, at 847.  Deliberate

2   indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004).

3   "Under this standard, the prison official must not only 'be aware of the facts from which the

4   inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also

5   draw the inference.' " *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should

6   have been aware of the risk, but was not, then the official has not violated the Eighth

7   Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*,

8   290 F.3d 1175, 1188 (9th Cir. 2002)).

9        Plaintiff's allegation that Dr. Htay changed his pain medication from Robaxin to Tylenol

10  or Naproxen, based on Dr. Htay's assessment that Plaintiff did not have bone spurring or arthritis

11  in his lower spine, without more, fails to show that he was deliberately indifferent to Plaintiff's

12  back condition.  At most it shows a difference of opinion between Plaintiff and Dr. Htay

13  regarding his diagnosis and treatment.  This is insufficient to state a cognizable Eighth

14  Amendment violation.  *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976).  Plaintiff's allegations do

15  not show that Dr. Htay knew that Plaintiff's spinal condition amounted to a substantial risk of

16  serious harm and intentionally failed to take reasonable measures to treat and abate his condition.

17  That Plaintiff might have preferred stronger medication and to remain on the ADA list is not the

18  issue.  In sum, Plaintiff's allegations fail to demonstrate that Dr. Htay knew Plaintiff was exposed

19  to a substantial risk of harm and failed to provide him proper treatment.  Thus, Plaintiff fails to

20  state a cognizable claim against Dr. Htay.

21              **2.    Inmate Appeals**

22       Plaintiff's only allegations against Dr. Klang, Dr. Youssef, and AC Feliciano pertain to

23  their review and handling of Plaintiff's inmate appeals.

24       The Due Process Clause protects prisoners from being deprived of liberty without due

25  process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  In order to state a cause of action

26  for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for

27  which the protection is sought.  "States may under certain circumstances create liberty interests

28  which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).

7

1   Liberty interests created by state law are generally limited to freedom from restraint which

2   "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of

3   prison life." *Id.*

4       "[I]nmates lack a separate constitutional entitlement to a specific prison grievance

5   procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in

6   processing of appeals because no entitlement to a specific grievance procedure), citing *Mann v.*

7   *Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right

8   only, it does not confer any substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F.

9   Supp. 8, 10 (N.D. Ill. 1982) *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see*

10  *also Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure

11  confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest

12  requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v.*

13  *DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

14      Actions in reviewing prisoner's administrative appeal generally cannot serve as the basis

15  for liability in a section 1983 action. *Buckley*, 997 F.2d at 495. The argument that anyone who

16  knows about a violation of the Constitution, and fails to cure it, has violated the Constitution

17  himself is not correct. "Only persons who cause or participate in the violations are responsible.

18  Ruling against a prisoner on an administrative complaint does not cause or contribute to the

19  violation." *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir.2005) *accord George v. Smith*, 507

20  F.3d 605, 609-10 (7th Cir. 2007); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir.1999); *Vance*

21  *v. Peters*, 97 F.3d 987, 992-93 (7th Cir.1996). Thus, Plaintiff's allegations that AC Feliciano

22  failed to process Plaintiff's emergency appeal to avert his transfer to CAL fails to state a

23  cognizable claim.

24      Plaintiff's only allegations against Dr. Kang and Dr. Youssef are that they denied his

25  inmate appeal challenging Dr. Htay's treatment (which changed his medication from Robaxin to

26  Tylenol or Naproxen and removed his name from the ADA list) without reviewing his medical

27  records. (Doc. 1, pp. 5-6.) Plaintiff has attached copies of his inmate appeal on this issue and the

28  finding at each level of review (Doc. 1, pp. 10-46) -- which contradict Plaintiff's allegation that

his appeal was ruled upon without a review of his medical records.  "[A]llegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" need not be accepted as true.  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) citing *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008); *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).

Dr. Klang provided the response for the first-level review of Plaintiff's inmate appeal, which noted that Dr. Klang reviewed Plaintiff's inmate appeal with and attachments, his Unit Health Record, and all pertinent departmental policies and procedures.  (*Id.*, pp. 18-19.)  Dr. Klang denied Plaintiff's inmate appeal as Dr. Htay's notes from his June 1, 2015 evaluation of Plaintiff noted that he had no mobility impairment, was walking without a limp, did not qualify for lower bunk/tier chrono or ADA status, and that there was no indication for Plaintiff to be prescribed Robaxin.  (*Id.*)  At most, this amounts to a difference of opinion as to the appropriate treatment for Plaintiff's condition, which is not cognizable against Dr. Klang.

Dr. Youssef responded to Plaintiff's inmate appeal at the second-level.  (Doc. 1, pp. 16-17.)  Dr. Youssef noted that he reviewed Plaintiff's inmate appeal and the attachments, his Unit Health Record, and all pertinent departmental policies and procedures.  (*Id.*)  Dr. Htay's June 1, 2015 evaluation of Plaintiff was noted as well.  (*Id.*)  Dr. Youssef partially granted Plaintiff's inmate appeal by assigning Plaintiff to a bottom bunk and stating that Plaintiff's ADA status was "DPP category marked as DNM." (*Id.*)  Dr. Youssef did not grant Plaintiff's request that his prescription of Robaxin be renewed as "Robaxin is not appropriate for long term use." (*Id.*)  Dr. Youssef's review of Plaintiff's inmate appeal at the second-level, at most, equates to a difference of opinion with Plaintiff, which is not cognizable.

### 3.     Americans with Disabilities Act ("ADA")

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity."  42 U.S.C. § 12132.  Title II applies to the services, programs, and activities provided for inmates by

9

jails and prisons. *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 208-13, 118 S.Ct. 1952 (1998); *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1021-22 (9th Cir. 2010); *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1214-15 (9th Cir. 2008). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002); *accord Simmons*, 609 F.3d at 1021; *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).

Plaintiff's complaint does not set forth any facts supporting a claim that he was excluded from or discriminated against with regard to services, programs, or activities by reason of his disability. To the contrary, the incidents giving rise to this lawsuit appear related solely to the medical care Plaintiff was provided. The treatment, or lack thereof, concerning a medical condition does not provide a basis upon which to impose liability under the ADA. *Simmons*, 609 F.3d at 1022 (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996)). Individual capacity suits against prison employees in their personal capacities are also precluded under the ADA. *E.g.*, *Heinke v. Cnty. of Tehama Sheriff's Dept.*, No. CVI S-12-2433 LKK/KJN, 2013 WL 3992407, at *7 (E.D. Cal. Aug. 1, 2013); *White v. Smyers*, No. 2:12-cv-2868 MCE AC P, 2012 WL 6518064, at *6 (E.D. Cal. Dec. 13, 2012); *Mosier v. California Dep't of Corr. & Rehab.*, No. 1:11-CV-01034-MJS (PC), 2012 WL 2577524, at *8 (E.D. Cal. Jul. 3, 2012); *Roundtree v. Adams*, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting *Thomas v. Nakatani*, 128 F.Supp.2d 684, 691 (D. Haw. 2000)).

Thus, Plaintiff fails to state a cognizable claim against any of the Defendants for violation of his rights under the ADA.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's Complaint is dismissed with leave to file a first amended complaint within **twenty-one (21) days**. Any first amended complaint shall not exceed **twenty-five (25) pages** in length, exclusive of exhibits. If Plaintiff needs an extension of time to

1   comply with this order, Plaintiff shall file a motion seeking an extension of time no later than

2   **twenty-one (21) days** from the date of service of this order.

3         Plaintiff must demonstrate in any first amended complaint how the conditions complained

4   of have resulted in a deprivation of Plaintiff's constitutional rights.  *See Ellis v. Cassidy*, 625 F.2d

5   227 (9th Cir. 1980).  The first amended complaint must allege in specific terms how each named

6   defendant is involved.  There can be no liability under section 1983 unless there is some

7   affirmative link or connection between a defendant's actions and the claimed deprivation.  *Rizzo*

8   *v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v.*

9   *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

10         Plaintiff's first amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Such a short and

11   plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon

12   which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v.*

13   *Gibson*, 355 U.S. 41, 47 (1957).  Although accepted as true, the "[f]actual allegations must be

14   [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. 127, 555

15   (2007) (citations omitted).

16         Plaintiff is further reminded that an amended complaint supercedes the original, *Lacey v.*

17   *Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29,

18   2012) (en banc), and must be "complete in itself without reference to the prior or superceded

19   pleading,"  Local Rule 220.

20         The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified

21   by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff

22   may not change the nature of this suit by adding new, unrelated claims in his first amended

23   complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

24         Based on the foregoing, it is HEREBY ORDERED that:

25       1.    Plaintiff's Complaint is dismissed, with leave to amend;

26       2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

27       3.    Within **twenty-one (21) days** from the date of service of this order, Plaintiff must

28           file a first amended complaint curing the deficiencies identified by the Court in

this order or a notice of voluntary dismissal; and

4.   **If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a cognizable claim**.

IT IS SO ORDERED.

Dated:   **February 17, 2017**                    /s/ *Sheila K. Oberto*

                                            UNITED STATES MAGISTRATE JUDGE